Tom Courtway, Interim Director Arkansas Department of Education #4 Capitol Mall, Room 404-A Little Rock, AR 72201
Dear Mr. Courtway:
I am writing in response to your request for my expedited opinion on the following questions relating to the application of A.C.A. § 6-15-503
(Repl. 1999) and the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. § 25-19-101 through-109 (Repl. 2002 Supp. 2003):
 1. Is the entire "Notice of Intent to Home School" Form subject to disclosure under the Freedom of Information Act?
 2. If the answer to Q1 is "no," is the information contained in the "Educational Qualifications of Parent/Teacher(s)" portion of the Form subject to disclosure under the FOIA?
 3. If the answer to Q2 is "yes," is the Department required to collect this information and make it available to the requestor in another medium other than the form?
You report that you are posing these questions after recently receiving a request under the FOIA "for the information found in the `Education Qualifications of Parent/Teacher(s)' section of the Form." You have provided me samples of the notice forms for my review.
RESPONSE
In my opinion, the answer to your first question is "no." I believe the answer to your second question is "no," although any separate statistical compilations based upon that portion of the form may be subject to disclosure. In the unlikely event a compilation contains the names of the parent/teachers, I believe the custodian should redact these names pursuant to the Federal Educational Rights Privacy Act,20 U.S.C. § 1232g (FERPA) and A.C.A. § 25-19-105(b)(2). I believe the answer to your third question is "no."
Question 1: Is the entire "Notice of Intent to Home School" Formsubject to disclosure under the Freedom of Information Act?
In my opinion, the answer to this question is "no."
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A).
In my opinion, a Notice of Intent to Home School filed pursuant to A.C.A. § 6-15-503 clearly qualifies as a "public record" under this definition.
However, as you point out in your request, the question remains whether some exemption from disclosure in the FOIA or some other provision of state or federal law might prohibit the disclosure of a Notice of Intent to Home School.
Section 6-15-503 of the Code provides in pertinent part:
 (a)(1) Parents or guardians desiring to provide a home school for their children must give written notice to the superintendent of their local school district of their intent to provide a home school for their children and sign a waiver acknowledging that the State of Arkansas is not liable for the education of their children during the time that the parents choose to home school. . . .
* * *
(3) The notice must include:
 (A) The name, date of birth, grade level, and name and address of the school last attended, if any, of each student involved;
(B) The location of the home school;
(C) The basic core curriculum to be offered;
(D) The proposed schedule of instruction; and
(E) The qualifications of the parent-teacher.
 (4) Parents or guardians shall deliver written notice in person to the superintendent of their local school district the first time such notice is given.
 (b) This information may be used only for statistical purposes and test administration.
 (c) Each local school district shall report the statistical data required by this section to the Department of Education each year.
(Emphasis added.)
In my opinion, the highlighted portions of this excerpt clearly would exempt the intent forms from disclosure under the FOIA, which contains the following "catchall" exemption:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a)(1)(A) (emphasis added). In the attached Ark. Op. Att'y Gen. No. 85-195, one of my predecessors concluded that the restriction now codified as A.C.A. § 6-15-503(b) specifically exempted a Notice of Intent to Home School from the FOIA's disclosure requirement, presumably pursuant to the catchall exemption just quoted. See also
Watkins, The Arkansas Freedom of Information Act (3d ed. 1998), at 154 (citing my predecessor's opinion in support of the proposition that "[a] statute might . . . qualify as a `specific' exemption without referring to the FOIA by name or statute number").
I further believe the disclosure without student or parental permission of a Notice of Intent to Home School would violate the Federal Educational Rights Privacy Act, 20 U.S.C. § 1232g (FERPA), whose disclosure standards the legislature in 2001 declared would apply in Arkansas through the FOIA. See A.C.A. § 25-19-105(b)(2) (Supp. 2003). FERPA provides, generally, that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen. 20 U.S.C. § 1232g(b)(1). FERPA broadly defines the term "education records" as denoting "records, files, documents and other materials which . . . contain information directly related to a student."Id. at (a)(4)(A). Although FERPA does contain some exceptions from its confidentiality requirements, I do not believe any of those exceptions would apply to the sample forms you have supplied me.
The legislature's intention to honor and to adopt the confidentiality requirements set forth in FERPA is reflected in Act 1653 of 2001, which tailored Arkansas law to accord with FERPA by enacting the following amendment to the FOIA:[1]
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
Question 2: If the answer to Q1 is "no," is the information contained inthe "Educational Qualifications of Parent/Teacher(s)" portion of the Formsubject to disclosure under the FOIA?
The referenced "Educational Qualifications of Parent/Teacher(s)" portion of the Notice of Intent to Home School form sets forth the name of the parent or guardian who intends to teach the child, the level of the proposed teacher's education, and the name and location of the educational institution he or she attended.
I assume that your request regarding "the information contained in" these forms relates to the actual section of the form on which this information is recorded. In this regard, I have already opined in response to your first question that the forms themselves are exempt from disclosure pursuant to A.C.A. §§ 6-15-503 and 25-19-105(a)(1)(A) and to FERPA. In my opinion, then, this section of the forms is not subject to disclosure under the FOIA.
However, A.C.A. § 6-15-503(c), which requires each local school district to "report the statistical data required by this section to the Department of Education each year," appears to envision the creation of separate documents by each district that compile the information contained in the Notice of Intent to Home School forms. However, as a practical matter, I am unaware whether the Department or the local districts make any such statistical compilations. Specifically with respect to compilations of information reported in the "Educational Qualifications of Parent/Teacher(s)" section of the intent forms, I am unaware of any provision of FERPA, the FOIA or A.C.A. § 6-15-503 that would exempt such documents from disclosure.[2] I agree, then with my predecessor's conclusion in Opinion 85-195 that "the public would be entitled to any statistical compilations of the intent forms." I assume that any compilation of the information set forth in the portions of the form detailing the "Educational Qualifications of Parent/Teacher(s)" would exclusively reflect the range of educational backgrounds of home school teachers.
Question 3: If the answer to Q2 is "yes," is the Department required tocollect this information and make it available to the requestor inanother medium other than the form?
No provision of the FOIA imposes any such requirement. Indeed, A.C.A. §25-19-105(d)(2)(C) provides: "A custodian is not required to compile information or create a record in response to a request made under this section." However, A.C.A. § 6-15-503 appears to envision that the Department will compile the information reported by the various local school districts. It may be the case, then, that the Department is statutorily required to transfer the information into "another medium other than the form." If so, any such statistical compilation would be subject to inspection with any required redactions. See fn. 2, supra.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
Enclosure
[1] The passage quoted reflects minor stylistic changes enacted by Act 763 of 2003.
[2] In offering this conclusion, I am assuming that a compilation would not disclose the names of the various students' parents or guardians, instead merely summarizing the range of education among home school teachers. In the unlikely event a compilation would set forth such names, I believe the records would be subject to disclosure only with the names redacted, since any document setting forth the names of the parents or guardians who intend to educate a student qualifies as that student's "education records" and "personally identifiable information" exempt from unauthorized disclosure under FERPA. See my response to question 1.